UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE HULBERT, et al.,<br><br>　　　　　　PLAINTIFFS,<br><br>　　v.<br><br>ANTHONY HITCHENS, et al.,<br><br>　　　　　　DEFENDANTS. | Case No. CV 15-7459 DDP (SS)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION AND DENYING AS MOOT MOTION TO REMAND**<br><br>[DKT. NO. 9] |

　　The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

　　On September 23, 2015, Defendant Anthony Hitchens, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed <u>in forma pauperis</u>. (Notice of Removal, Dkt. No. 1; IFP Application, Dkt. No. 3). On September 29, 2015, Plaintiffs Steve Hulbert and M and A Management moved to remand this action to state court. (Motion to Remand, Dkt. No. 9).

The Court has denied the application to proceed in forma pauperis under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court. In light of the summary remand of this action, Plaintiffs' Motion to Remand is denied as moot.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a), see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's notice of removal asserts that Plaintiffs' unlawful detainer action presents a federal question arising under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. section 5220 ("PTFA"). (Notice at 2-7). Defendant is incorrect and, to the extent that Defendant will attempt to raise defenses available under the PTFA in the unlawful detainer action, these attempts are inadequate to confer federal question jurisdiction. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

//
//
//
//
//
//

1    Accordingly, IT IS ORDERED that (1) this matter be REMANDED
2 to the Superior Court of California, County Of Los Angeles, 2728
3 West 176th Street, Torrance, CA 90504, for lack of subject matter
4 jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) Plaintiffs'
5 Motion to Remand be DENIED as moot; (3) the Clerk send a
6 certified copy of this Order to the state court; and (4) the
7 Clerk serve copies of this Order on the parties.

9    IT IS SO ORDERED.

11 DATED: 10/8/15

*[signature]*
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE